UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN SOLOMON, et al.,

    Plaintiffs,   Civil Action No. 12-cv-14537
       HON. BERNARD A. FRIEDMAN

vs.

MACOMB COUNTY
CORPORATION, et al.,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING THE COMPLAINT

Before the court is plaintiffs' in forma pauperis complaint [docket entry 1]. For the following reasons, the court shall dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the court is required by statute to dismiss an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. To avoid

-1-

dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted). Further, the court is required to dismiss the complaint, whether or not plaintiff is proceeding in forma pauperis, if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In this case, the court is unable to discern the factual basis of plaintiffs' complaint. Plaintiffs seemingly maintain that defendants conspired to commit fraud through a failure to disclose information related to the issuance of criminal bonds. Plaintiffs, however, do not explain how defendants perpetrated this fraud or the nature of their involvement. Without this necessary information, the present action cannot proceed any further. *See generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).


Dated: December 13, 2012　　　　　　　　S/ Bernard A. Friedman_____
　　　Detroit, Michigan　　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE